JUSTICE HUNT
concurring in part, dissenting in part.
¶29 I concur with that portion of the majority opinion which sets forth the standard of review for a search warrant based in part on illegally obtained information. I dissent from the second part of the majority opinion. I would hold that there was no probable cause to issue the search warrant.
¶30 First, I disagree with the majority’s opinion that the tip had sufficient reliability. This Court has repeatedly stated that the “veracity, reliability and basis of knowledge of informants remain highly relevant factors in determining probable cause....” State v. Siegal (1997), 281 Mont. 250, 281, 934 P.2d 176, 194 (citing State v. Rinehart (1993), 262 Mont. 204, 210, 864 P.2d 1219, 1222). We have thus upheld search warrants where the application contained a statement that the informants were known to law enforcement officers and that the informant had been reliable in the past. Siegal, 281 Mont. at 281, 934 P.2d at 194; Rinehart, 262 Mont. at 212, 864 P.2d at 1223-24. In contrast, we have held that anonymous Crimestoppers’ tips are not adequate to support probable cause without investigation to verify or corroborate the information in the tip. Rinehart, 262 Mont. at 211, 864 P.2d at 1223.
¶31 In this case, the tip was an anonymous Crimestoppers’ tip. The application for the search warrant did not contain any statement that the officer knew the informant or that the informant had provided reliable information in the past. Hence, further investigation to verify or corroborate the information contained in the tip was necessary.
¶32 However, it is my opinion that the investigation failed to sufficiently corroborate the tip. First, neither officer Anderson nor Iffland performed a background check on the people identified in the tip, and the application did not contain any information that either defendant had a criminal history. More importantly, some of the information contained within the tip was inaccurate. The informant stated that the defendants used a “newer blue Chevrolet.” However, during the investigation, Lieutenant Taggart located a green Chevrolet pickup *484 truck at the trailer. The tip thus contained incorrect information about the type and color of the vehicle.
¶33 In support of its holding that the tip was sufficiently corroborated, the majority points in part to the fact that Lieutenant Taggart found a trailer at the end of Florine Lane with a parked vehicle registered to Ernie and Marilyn Gawryluk. However, in the past, we have stated that “facts of a description and location of property, while easily confirmable by a driveby, can hardly be regarded as probative of the probability of the presence of contraband therein.” Siegal, 281 Mont, at 282,934 P.2d at 195 (citation omitted). The fact that the officers were able to corroborate facts regarding location of the trailer and that a vehicle was registered to an “Ernie” is not probative of the probability of the presence of marijuana plants therein.
¶34 The majority buttresses its opinion by adding that the anonymous Crimestoppers’ tip was reliable because it was based upon the informant’s own observation and that it was “motivated by good citizenship.” Again, I disagree with the majority’s opinion. While the majority is accurate in noting that this Court has stated that a tip’s reliability is strengthened if it was based upon the personal observation of the informant, this is true only in cases where the police officers know the informant and the informant has provided reliable information in the past. In Rinehart, the Court stated:
[w]e have previously held that information of a criminal activity known from observation by a previously reliable informant ... is sufficient to establish the probability of criminal activity....
Rinehart, 262 Mont. at 213, 864 P.2d at 1224 (citation omitted). In that case, we held that the combination of the fact that the informant was proven reliable in the past and that the informant’s information was based on personal observation was sufficient to establish probable cause to issue a search warrant. Rinehart, 262 Mont. at 213, 864 P.2d at 1224. In this case, while the anonymous Crimestoppers’ tip was allegedly based upon the informant’s personal knowledge, we still have no basis for determining whether or not the informant was reliable.
¶35 The majority is also correct in noting that an informant motivated by good citizenship is presumed reliable. But as we pointed out in Siegal, before such a presumption can be made, the Court must determine the circumstances under which the informant learned the information. In that case we stated:
[A] citizen informant is presumed reliable. However, this is not a per se rule. The reliability of a citizen informant is generally shown *485 by the very nature of the circumstances under which the incriminating information became known.
Siegal, 281 Mont. at 281, 934 P.2d at 194 (citation omitted). In this case, we know only that the anonymous informant allegedly observed marijuana plants on July 1,1996. We know virtually nothing else about the “nature of the circumstances” under which he or she learned of the incriminating information. Thus, the Court cannot presume the informant to be rehable or to be motivated by good citizenship.
¶36 The majority cites State v. Oleson, 1998 MT 130, [289 Mont. 139], 959 P.2d 503, in support of its opinion that the tip was rehable because it was allegedly based upon the informant’s personal knowledge and was motivated by good citizenship. However, that case is distinguishable. In Oleson, the law enforcement officer contacted the informant and established his identification. Oleson, ¶¶ 10, 13. Moreover, unlike this case, the informant who saw the defendant engage in unlawful game spotlighting and poaching gave a detailed description explaining what he observed and the nature of the circumstances under which he learned the information. Oleson, ¶ 10. Finally, in Oleson, the law enforcement officer corroborated the informant’s information. Oleson, ¶ 14.
¶37 In summary, the application for the search warrant in this case established neither the anonymous informant’s reliability nor the basis of the informant’s knowledge. Moreover, the tip was not sufficiently corroborated. The tip did not establish probable cause for the issuance of the search warrant.
¶38 I disagree with the majority’s conclusion that the tip when considered together with the pipe established probable cause for the issuance of the warrant. While the pipe may establish probable cause to arrest the defendants for a misdemeanor possession of drug paraphernalia, it does not establish probable cause to search the home for evidence that the defendants engaged in the felony crime of producing or manufacturing dangerous drugs. Even when considered together with the tip, it is insufficient to establish probable cause. The pipe neither corroborates nor adds any other evidence indicating that the defendants actually engaged in a marijuana-growing operation.
¶39 Because I would reverse on the basis that the tip and the pipe do not establish probable cause for the issuance of the search warrant, I would not address the defendants’ alternative argument that all the evidence should be suppressed by virtue of the exclusionary rule.